IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDDIE COLEMAN | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-12-CV-3145-P |
| | § | |
| DALLAS COUNTY SHERIFF'S DEPT., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Eddie Coleman, a pretrial detainee, alleging that he received inadequate medical care while incarcerated in the Dallas County Jail. On August 21, 2012, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on August 29, 2012. The court now determines that plaintiff should be allowed to prosecute his claims against Administrative Medical Director June Blackburn, Dr. Esmaeil Porsa,

and Dr. Marie Maitre. His claims against the Dallas County Sheriff's Department and Parkland Jail Health should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

On or about May 31, 2012, while plaintiff was incarcerated in the Dallas County Jail, he allegedly alerted Administrative Medical Director June Blackburn, Dr. Esmaeil Porsa, and Dr. Marie Maitre that he was "having serious headaches and blurry vision." (*See* Plf. Compl. at 1; Mag. J. Interrog. #1, 2, 4). Defendants allegedly ignored those complaints. Sometime thereafter, plaintiff suffered a mild stroke, causing partial paralysis and vision problems. (*See* Plf. Compl. at 1; Mag. J. Interrog. #1, 5). By this suit, plaintiff seeks $250,000 in damages and an order requiring defendants to provide him with proper medical care. (*See* Plf. Compl. at 1; Mag. J. Interrog. #3).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007), *cert. denied sub nom.*, *Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The court initially observes that plaintiff has failed to state a claim for relief against two defendants named in his complaint -- the Dallas County Sheriff's Department and Parkland Jail Health. "Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit." *Torti v. Hughes*, No. 3-07-CV-1476-M, 2007 WL 4403983 at *2 (N.D. Tex. Dec. 17, 2007) (citing cases). Neither the Dallas County Sheriff's Department nor Parkland Jail Health are separate legal entities having jural authority. *See Beene v. Dallas Co. Sheriff's Dept.*, No. 3-11-CV-1603-K-BD, 2011 WL 5985921 at *2 (N.D. Tex. Nov. 4, 2011), *rec. adopted*, 2011 WL 5985633 (N.D. Tex. Nov. 29, 2011) (Dallas County Sheriff's Department not a proper defendant with jural existence); *Bragg v. Safeek*, No. 3-09-CV-1931-N, 2010 WL 624139 at *2 (N.D. Tex. Feb. 19, 2010) (same as to Parkland Jail Health). Consequently, plaintiff's claims against these defendants should be dismissed.

C.

That leaves plaintiff's medical care claim against Administrative Medical Director June Blackburn, Dr. Esmaeil Porsa, and Dr. Marie Maitre. In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must show that these defendants acted with deliberate indifference to a serious medical condition such as to cause the "unnecessary or wanton infliction of pain[.]" *Estelle*

*v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976). This, in turn, requires proof that defendants were subjectively aware of a substantial risk of serious harm and failed to take reasonable measures to abate that risk. *See Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996), *citing Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970, 1984, 128 L.Ed.2d 811 (1994). Without suggesting a view of whether dismissal may be proper in a different procedural context, such as a motion to dismiss or a motion for summary judgment, the court determines that plaintiff has alleged enough facts to survive dismissal on initial screening.

## **RECOMMENDATION**

Plaintiff should be allowed to prosecute his claims against Administrative Medical Director June Blackburn, Dr. Esmaeil Porsa, and Dr. Marie Maitre. His claims against the Dallas County Sheriff's Department and Parkland Jail Health should be summarily dismissed.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 30, 2012.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE